# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BILLY D LYONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC COUNTY CLERK,<br><br>　　　　　Defendant. | CASE NO. C19-5059 RBL<br><br>ORDER ON REVIEW OF MOTION FOR RECUSAL |

On February 1, 2019, Plaintiff Lyons filed an "Affidavit of Prejudice" seeking to disqualify the Honorable Ronald B. Leighton in this matter. Dkt. #7. On February 15, 2019, Judge Leighton issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #10; *see* LCR 3(f).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse

party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff's sole grounds for recusal are an earlier adverse ruling by Judge Leighton in a 2016 case and the assertion that he cannot receive an impartial trial "where the other party is clerks an [sic] commissioners." Dkt. #7 at 1. Plaintiff provides no further facts or argument. As stated above, Judge Leighton's prior adverse ruling cannot legally form the basis for recusal. Plaintiff's broad assertion that Judge Leighton cannot hear this case because the other parties are court officials is without factual support. The Court finds that Plaintiff has failed to present any basis to reasonably question Judge Leighton's impartiality.

Accordingly, the Court hereby finds and ORDERS that Judge Leighton's refusal to recuse himself from this matter is AFFIRMED.

DATED this 27th day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE