HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILLY D. LYONS,<br><br>    Plaintiff,<br><br>  v.<br><br>PACIFIC COUNTY CLERK; ERIC SCHMIDT, Court of Appeals Commissioner; and ERIN L. LENNON, Supreme Court Clerk,<br><br>    Defendant. | CASE NO. C19-5059RBL<br><br>ORDER |

THIS MATTER is before the Court on State Judicial Defendants' Motion to Dismiss [Dkt. #11]. For the following reasons, the motion is **GRANTED** and Lyons' claims against these defendants are **DISMISSED WITH PREJUDICE**.

**FACTS**

This is the third lawsuit Lyons has filed in federal district regarding the same subject matter. *See Lyons v. Pacific County, et al.*, Cause No. 16-cv-5256RBL, and *Lyons v. Pacific County, et al.*, Cause No. 17-5335RBL. All three cases arise out of a lawsuit Lyons originally filed in Pacific County Superior Court in 2006 against his former business partner. Dkt. 1 at 1–2,

No. C16-5256RBL (Apr. 5, 2017)), at 1.[1] In all three cases, Lyons appears to be complaining about the judicial assignment made in his underlying state court lawsuit from 2006.

According to Lyons, his 2006 state court lawsuit was originally assigned to one judge, but later reassigned to another. Dkt. 1 at 1. Lyons appears to fault the Pacific County Clerk for this action. *Id*.

Lyons subsequently filed two different actions in this Court seeking to challenge the judicial assignment in the state court case. Dkt. 10 at 1–2 (citing *Lyons v. Pacific County, et al.*, Cause No. 16-cv-5256RBL, and *Lyons v. Pacific County, et al.*, Cause No. 17-5335RBL). In both cases, Lyons' claims were dismissed as frivolous and barred by the *Rooker-Feldman* doctrine.

Lyons alleges that he sought discretionary review of the trial court's judicial assignment decision to the Washington State Court of Appeals, and that the Court of Appeals Commissioner denied review based on what Lyons considers to be "misleading untrue allegations." Dkt. 1 at 1. In fact, the Court of Appeals Commissioner disposed of Lyons' appeal of the 2006 case because it was untimely. When Lyons later tried to appeal the same trial court issue under a new cause number, the Court of Appeals Commissioner noted that he "cannot challenge any of the decisions in the 2006 case under this new cause number," and further that Lyons had not "identified any act of the trial court under this new cause number."

Lyons further alleges that he appealed the Court of Appeals Commissioner's ruling to Supreme Court Deputy Clerk Erin Lennon, who told Lyons he must include a copy of the

---

[1] This Court can take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. ER 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). State Judicial Defendants request that the Court take judicial notice of Lyons' prior state and federal court filings, the existence of which are not in dispute.

superior court decision he is seeking to challenge with his appeal. Dkt. 1 at 1–2. Ultimately, Lyons' Supreme Court filings did not go anywhere because it became apparent he was improperly trying to seek Supreme Court review of a decision by a Court of Appeals Commissioner.

Unhappy with the result of his attempted appeals, Lyons filed this lawsuit against the Court of Appeals Commissioner, the Supreme Court Deputy Clerk, and the Pacific County Clerk. Dkt. 1.

## DISCUSSION

**A. Standard for Dismissal Under Rules 12(b)(1), 12(b)(6), and 12(h)(3)**

The question of subject matter jurisdiction is properly raised by a party through a motion under Rule 12(b)(1), but, may be considered by the Court at any time pursuant to Rule 12(h)(3). *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Once raised, "[t]he party asserting federal jurisdiction has the burden of establishing it." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

In addition, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing Fed. R. Civ. P. 8). When a pleading does not meet that standard, it may be dismissed as failing to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations omitted). A claim must be "plausible on its face," and the Court should not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir.

2010). The Court's review can be viewed as a two-prong inquiry: "[a] complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984).

In motions on the pleadings under Fed. R. Civ. P. 12, the Court may look not only to those events and circumstances as alleged in the Complaint, but "a court may take judicial notice of facts outside the pleadings." *Mack v. S. Bay Beer Distribs. Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 107–08 (1991); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002). The Court's consideration of documents outside the pleadings does not convert a Rule 12 motion to dismiss into a motion for summary judgment "when the additional facts considered by the court are contained in materials of which the court may take judicial notice." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.** *Rooker-Feldman* **Doctrine**

The *Rooker-Feldman* doctrine provides that federal courts lack subject matter jurisdiction over a case that is a *de facto* appeal of a final state court judgment; state court judgments may only be challenged in federal court via a petition for writ of certiorari to the United States Supreme Court. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). *See also Lance v. Dennis*, 546 U.S. 459 (2006). This includes cases where issues in a federal court are "inextricably intertwined" with the issues in a state court decision making it a prohibited de facto appeal. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the

federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010).

Here, Lyons' claims against Commissioner Schmidt and Deputy Clerk Lennon are premised entirely on arguments that those judicial officers made erroneous legal rulings in state court proceedings. Dkt. 1. Lyons does not say what he wants in this lawsuit, but it appears he wants a ruling that the judicial assignment in his underlying 2006 state court lawsuit was illegal. *Id*. This is exactly what *Rooker-Feldman* precludes. *Noel*, 341 F.3d at 1156. Lyons' lawsuit is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).

**C. *Younger* Abstention**

*Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). When "important state interests are involved," the policies underlying *Younger* are "fully applicable to noncriminal judicial proceedings[.]" *Id*. The Supreme Court has specifically called out cases impacting the "functioning of the state judicial system" as those involving important state interests warranting *Younger* abstention. *Id*. Where the state proceedings afford an adequate opportunity to raise the constitutional claims, abstention is appropriate. *Id.*

Here, Lyons' claims seem directed at questioning the judicial assignment made in his underlying state court proceeding. Dkt. 1. But he does not explain why he was not able to raise such challenges in his state court proceeding, and the appeal thereof. *Id*. To the contrary, there are state court procedures for challenging judicial assignments where such assignments raise constitutional questions. *See* Wash. Rev. Code § 4.12.040–.050 (2018) (providing processes for disqualification of judge, transfer to another department, assignment of visiting judge); Washington Code of Judicial Conduct Rule 2.11 (providing bases for and processes for

disqualification of judge). Since Lyons could and should have made such challenges in his underlying state court proceeding, if they were warranted, there is no reason this court should intervene now.

**D. Judicial Immunity/Quasi Judicial Immunity**

Judicial officers are immune from actions arising from the discharge of official duties. *Mireles v. Waco*, 502 U.S. 9 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. *See also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (judicial immunity extends to declaratory and other equitable relief), *superseded by statute on other grounds*. Judicial immunity extends to judges and "certain others who perform functions closely associated with the judicial process," including clerks and commissioners. *Moore*, 96 F.3d at 1245 (quoting *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988)). *See also Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunities available to judges also apply to court staff "when they perform tasks that are an integral part of the judicial process," unless they act in the "clear absence of all jurisdiction"). This immunity cannot be overcome by allegations of legal error, bad faith, or malice. *Id.* at 1245. Rather judicial or quasi-judicial immunity may only be overcome when a judicial officer acts outside his or her judicial capacity or in the complete absence of all jurisdiction. *Moore*, 96 F.3d at 1245.

Injunctive relief against the State Judicial Defendants is additionally precluded under 42 U.S.C. § 1983 which provides: "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). That language was enacted to "restore[] the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in *Pulliam v.*

*Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)," which previously held that common law judicial immunity was "not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Moore*, 899 F.3d at 1104 (citing *Pulliam*, 466 U.S. at 541–42).

Here, Lyons seeks relief based on actions taken by State Judicial Defendants in their judicial capacities. Dkt. 1. His claims are, therefore, barred by Section 1983 and common law judicial and quasi-judicial immunity.

Lyons' claims are also barred by the Eleventh Amendment, to the extent they are made against State Judicial Defendants in their official capacities and seek relief other than prospective injunctive relief for alleged violations of federal law. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

**E. Collateral Estoppel**

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328–29 (1971)). Collateral estoppel applies where "(1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied." *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 152 Wash 2d 299, 307, 96 P.3d 957, 961 (2004).

This is the third lawsuit Lyons has brought in federal court challenging the judicial assignment in his state court proceeding. Dkt. 10 at 1–2. Each of those earlier cases resulted in a final judgment on the merits dismissing Lyon's claims with prejudice. This claim is also dismissed. *See Parkland Hoisery Co.*, 439 U.S. at 326; *Christensen*, 152 Wash. 2d at 307.

**F. Due Process**

Lyons appears to be arguing that the change in judicial assignment of his 2006 lawsuit violated his right to a fair trial under due process principles. Even if he alleged that State Judicial Defendants had anything to do with that decision, which he did not, there is no due process right to a specific judicial assignment.

"[A] party has no due process right to random case assignment or to ensure the selection or avoidance of any particular judge absent a showing of bias or partiality in the proceedings." *In re Marshall*, 721 F.3d 1032, 1040 (9th Cir. 2013) (citing *Cruz v. Abbate*, 812 F.2d 571, 574 (9th Cir. 1987)). Lyons makes no allegations of bias or partiality in the proceedings below, and even if he did, he does not allege that he undertook any of the options available to him if he believed that such bias or partiality was present. Dkt. 1. *See* Wash. Rev. Code § 4.12.040–.050 (2018) (providing processes for disqualification of judge, transfer to another department, assignment of visiting judge); Washington Code of Judicial Conduct Rule 2.11 (providing bases for and processes for disqualification of judge).

//

//

//

//

***

The State Judicial Defendants' Motion to Dismiss is GRANTED and all of Lyons' claims against them are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated this 16th day of April, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge